John E. GRIMMER, Jean–Pierre Van Lent, Claudia M. Isaacs and Delores Fiordaliso, Plaintiffs,

v.

LORD DAY & LORD, Barrett Smith, and Lord Day & Lord, Barrett Smith Employee Benefit Plan, Defendants.

No. 94 Civ. 8795 (MGC).

United States District Court, S.D. New York.

Aug. 28, 1996.

Schoeman, Marsh & Updike, LLP by Michael E. Schoeman, New York City, for Plaintiffs.

Jackson, Lewis, Schnitzler & Krupman by Elise M. Bloom, Gregory I. Rasin, Miriam Lieberson, New York City, for Defendants.

## OPINION

CEDARBAUM, District Judge.

This is a class action under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 (the "WARN Act") by employees of the former law firm Lord Day & Lord, Barrett Smith. Plaintiffs claim that Lord Day violated the WARN Act by closing its offices without giving notice to its employees sixty days in advance as required by the statute. Lord Day's late notice merely recited the language of one of the statutory exceptions to explain the failure to give sixty-days' notice. In its answer, Lord Day asserted as second and third affirmative defenses two statutory excuses for non-compliance with the sixty-day requirement. Plaintiffs move for partial summary judgment striking these affirmative defenses as precluded by Lord Day's failure to include in its notice a brief statement of the facts constituting the basis for giving shortened notice. For the reasons that follow, the motion is granted.

### Undisputed Facts

On September 1, 1994, Lord Day distributed to its employees a letter headed "Re: Notice under Worker Adjustment and Retraining Notification Act." The letter advised "each affected employee" that Lord Day would cease all business activities (aside from liquidating assets and paying obligations) on September 30, 1994 and that each employee's employment would terminate on that date. With respect to the timing of the notice, the letter stated: "The Firm was not able to give greater advance notice of this termination since this termination arises from unforeseeable business circumstances." (Aff. of Jean–Pierre Van Lent dated 12/6/95 Ex.)

### Discussion

■ The purpose of the WARN Act is to protect workers from plant closings and mass layoffs without advance notice. "Advance notice provides workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a) (1996). Accordingly, the WARN Act requires covered employers to give notice to their affected employees sixty days before ordering a plant closing or mass layoff. 29 U.S.C. § 2102(a) (1994). Employers are excused from the sixty-day notice requirement, however, under certain circumstances. Lord Day asserts as affirmative defenses that its failure to provide sixty-days' notice did not violate the statute because two statutory exceptions apply to the Lord Day closing. (Answer to Am.Class Action Compl. ¶¶ 32–33.) The first exception, which Lord Day calls the "faltering company exception," permits an employer to order the shutdown of a site of employment less than sixty days after giving notice if "the employer was actively seeking capital or business which, if obtained, would have enabled the employer to avoid or postpone the shutdown and the employer reasonably and in good faith believed that giving the notice required would have precluded the employer from obtaining the needed capital or business." § 2102(b)(1). The second exception, which Lord Day calls the "unforeseeable business circumstances exception," exempts employers from the sixty-day notice requirement when the shutdown "is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required." § 2102(b)(2)(A).

■ The WARN Act imposes an additional obligation on employers who seek to invoke these statutory exceptions. It provides that an "employer relying" on the statutory exceptions "shall give as much notice as is practicable and at that time shall give a brief statement of the basis for reducing the notification period." § 2102(b)(3). Plaintiffs argue that this provision precludes Lord Day from relying on the statutory exceptions because the statement in the September 1 notice was insufficient to satisfy the statute's requirement that the notice include a brief statement of the basis for reducing the notice period. Lord Day responds that the notice complied with the statutory requirement, and explains that "Lord Day intended that the words 'unforeseeable business circumstances' [in the September 1 notice] be a generic term

to explain to employees why Lord Day was giving less than 60 days notice, while preserving both the unforeseen business circumstances and faltering company defenses of WARN." (Decl. of Rory Kelleher dated 1/18/96 ¶ 7.)

■ The Ninth Circuit analyzed § 2102(b)(3) in *Alarcon v. Keller Indus.*, 27 F.3d 386 (9th Cir.1994).[1] In *Alarcon*, the court held that to satisfy the WARN Act's brief statement requirement, the employer must "set forth the underlying factual events which led to the shortened [notice] period." *Id.* at 389. The court reasoned that Congress' purpose in requiring the brief statement "must have been to provide employees with information that would assist them in determining whether the notice period was properly shortened," and observed that Webster's dictionary defined "basis" as an "underlying condition or state of affairs." *Id.* It concluded that the statute requires the employer to set forth reasonably specific facts that make an exception to the statutory notice period applicable, "providing an adequate, specific explanation to affected workers." *Id.* at 389–90. The court explicitly held that merely citing a statutory exception by "stating, for example, 'the notice is short because we are a faltering company,'" is insufficient. *Id.* at 390.

A requirement that the employer set forth the specific facts that constitute the basis for reducing the notice period serves a second purpose in addition to that identified by the Ninth Circuit. Such a requirement focuses employers on the statutory conditions that must be met to reduce the notice period by prohibiting employers from relying on a vague justification for giving shortened notice. If an employer must set forth specific facts in its notice in order to rely on a statutory exception, it is more difficult for one who does not truly qualify for the exception to invoke it. It is therefore more likely that employees will receive the full sixty-day notice period in the majority of cases in which the statutory exceptions do not apply.

Lord Day's interpretation robs the statutory language of content. Congress easily could have provided that an employer relying on a statutory exception "shall identify the statutory exception on which it is relying." By providing that an employer must give a brief statement of the basis for the shortened notice, Congress indicated that it intended something more than a citation to the statute or a conclusory statement summarizing the statutory provision. If an employer could comply with § 2102(b)(3) by simply parroting a statutory exception, this section of the statute would serve no purpose.

Lord Day's notice stated only that "[t]he Firm was not able to give greater advance notice of this termination since this termination arises from unforeseeable business circumstances." This statement does not set forth any of the facts explaining why the shortened notice period was necessary and thus violates the statute's requirement that it provide a brief statement of the basis for reducing the notice period. By the terms of the statute, Lord Day may not rely on the exceptions to the sixty-day notice requirement.

■ Lord Day argues that even if it failed to satisfy the statutory requirement that it provide a brief statement, it should still be permitted to rely on the statutory exceptions. It relies on a WARN regulation that provides:

> The information provided in the notice shall be based on the best information available to the employer at the time the notice is served. It is not the intent of the regulations, that errors in the information provided in a notice that occur because events subsequently change or that are minor, inadvertent errors are to be the basis for finding a violation of WARN.

20 C.F.R. § 639.7(a)(4). But Lord Day's failure to provide the facts underlying its statement that shortened notice was given because of unforeseeable business circum-

---

**1.** In the only other published opinion interpreting this provision, the court held that the employer satisfied the brief statement requirement because the notice "provided the reason for the necessity to close, the company has been unsuc-

cessful in turning around its negative cash flow position." *In re Old Electralloy Corp.*, 162 B.R. 121, 126 (Bankr.W.D.Pa.1993). The court did not discuss the statutory requirement further.

258

stances was not an "error" in the information in the notice. Lord Day did not set forth facts that later changed or that were slightly inaccurate. It did not set forth any facts at all. Lord Day's argument is that its failure to comply with the requirement of the statute should have no consequences. Adopting this position would delete the brief statement requirement from the statute and treat Congress' language in § 2102(b)(3) as meaningless.

 Lord Day also argues that plaintiffs' motion should be denied because it acted in good faith in giving shortened notice and with respect to the language of the notice. It relies on § 2104(a)(4), which provides:

> If an employer which has violated this chapter proves to the satisfaction of the court that the act or omission that violated this chapter was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of this chapter the court may, in its discretion, reduce the amount of the liability or penalty provided for in this section.

This subsection clearly states that the "good faith defense" applies only after a violation of the statute has been established. Accordingly, this defense does not provide a basis for denying plaintiffs' motion. Lord Day remains entitled to attempt to prove that its actions were taken in good faith and that any liability or penalty imposed on it should be reduced.

For the foregoing reasons, plaintiffs' motion for partial summary judgment is granted, and Lord Day's second and third affirmative defenses are stricken.

SO ORDERED.